# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

**HUSAM ALIBWEH**,

     Debtor(s).                                          No. **7-05-18120 SA**

_____

**PHILIP J. MONTOYA, Chapter 7 Trustee**

     Plaintiff

v.                                              Adversary No._____

**SKYWAY TRADING COMPANY, INC.**

     Defendant

## COMPLAINT TO RECOVER PREFERENTIAL TRANSFER

1.      This action is brought pursuant to 11 U.S.C. §547 and 550 and Fed. R. Bank.
Proc. 7001.

2.      Plaintiff is the duly appointed Chapter 7 Trustee of the debtor.

3.      Defendant is a creditor of the Debtor.

4.      Prior to the filing of this Chapter 7 proceeding, debtor Husam Alibweh conducted
business under the name of First Natives of This Land, Inc.

5.      First Natives of This Land, Inc. was not a valid corporation, and had not been so
for several years prior to the filing of the petition. Its corporate charter had been revoked. The
name was being used as a trade name or d/b/a of the debtor, as indicated on the debtor's
bankruptcy petition.

6.      Prior to the filing of the bankruptcy petition defendant Skyway Trading Company,
Inc. consigned to debtor certain Indian jewelry for resale by the debtor. Defendant had no
security agreement with the debtor, and no financing statement was ever filed.

7.      Pursuant to NMSA §55-2-326, the agreement between the parties was for a "sale

or return". Pursuant to NMSA §55-2-326(2), the jewelry was subject to the claims of debtor's creditors while in the possession of the debtor.

8. This Bankruptcy proceeding was filed on September 23, 2006. Debtor was insolvent during the 90 days prior to the filing of the petition.

9. Within the 90 days prior to the filing of the Bankruptcy debtor returned to defendant Indian jewelry, some of which was held on "sale or return" terms, with a value of $300,000. At the time of the return debtor was indebted to defendant in an amount that exceeded $500,000.

10. The jewelry was transferred to a creditor of the debtor within 90 days of the filing of the petition at a time when the debtor was insolvent. As a result of the return of the jewelry defendant received more than it would have received in this Chapter 7 proceeding if the transfer had not been made.

11. Pursuant to 11 U.S.C. §547, the Trustee may avoid the transfer of the jewelry from debtor to defendant.

12. Pursuant to 11 U.S.C. §550 the trustee is entitled to recover the jewelry, or the value thereof, from the defendant.

WHEREFORE the Trustee prays that the Court avoid the transfer of the jewelry to the defendant, and grant judgment against the defendant in favor of the Trustee for the return of jewelry with a value of $300,000, or in the alternative, for judgment against defendant in the amount of $300,000.

Respectfully Submitted:
Filed electronically
Daniel J. Behles
Attorney for Trustee
226-A Cynthia Loop NW

Albuquerque, NM 87114
(505) 217-2764 - Fax (505) 217-2766
Email: dan@behles.com