# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW MEXICO

In re

**HUSAM ALIBWEH,**

    Debtor.                                                                                                          Case No. 7-05-18120 SA

---

**PHILIP J. MONTOYA, TRUSTEE,**

    Plaintiff,

  vs.                                                                                    Adversary Proceeding No. 06-01142 S

**SKYWAY TRADING COMPANY, INC.,**

    Defendant.

## DEFENDANT SKYWAY TRADING COMPANY, INC.'S ANSWER
## TO COMPLAINT TO RECOVER PREFERENTIAL TRANSFER

    COMES NOW Defendant, Skyway Trading Company, Inc. (hereinafter "Defendant" or "Skyway"), by and through its undersigned counsel, Puccini & Meagle, P.A., hereby answers the Complaint filed in this action as follows:

    1.    No response to Paragraph 1 of the Complaint is required.

    2.    The Defendant admits the allegations contained in Paragraph 2.

    3.    The Defendant denies the allegations contained in Paragraph 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12.

    WHEREFORE, the Defendant respectfully requests the Court to enter an Order dismissing this Complaint with Prejudice and awarding attorneys' fees, costs, and expenses, since this Complaint was filed in bad faith, as the Plaintiff has thoroughly investigated this matter, with the

1

cooperation of Defendant, since October, 2005 including inspections of the jewelry and stored equipment and copies of documents, invoices, and agreements; and for other just relief.

## AFFIRMATIVE DEFENSES

4. Skyway Trading Company, Inc. (hereinafter referred to as "Skyway") did not do business with the Debtor, Sam Alibweh. At all times, Skyway did business with First Natives of This Land Inc., a New Mexico Corporation (hereinafter referred to as "First Natives").

5. The Defendant, was at all times, aware that First Natives maintained Federal and State Tax ID numbers.

6. All of the Jewelry involved in this matter was jewelry owned by Defendant, Skyway, on consignment, pursuant to written agreements.

7. In July, 2005, First Natives voluntarily returned the jewelry owned by Skyway.

8. First Natives was a corporation controlled and/or owned by the Debtor, Husam Alibweh. Upon Alibweh's filing of Bankruptcy, the Trustee could have asserted control over First Natives and filed a voluntary petition for First Natives to assert such claims as he may believe existed on behalf of First Natives.

9. The Trustee, Philip Montoya, wholly failed to take control of First Natives or to File a Bankruptcy case to recover the Jewelry on behalf of First Natives. The Trustee was negligent in failing to pursue the remedies on behalf of the creditors.

10. At all times relevant hereto, Skyway understood that First Natives was a separate legal entity.

11. Skyway has fully cooperated with the Trustee in investigating the transactions that occurred, including providing an inspection of the jewelry, having his deposition taken, and providing records and documents.

12. The Trustee knew or should have known that the jewelry was owned by Skyway, that Skyway did business with First Natives, and that the Debtor, Husam Alibweh owned only 80% of First Natives.

13. This Complaint was filed in bad faith and is an abuse of process since, at all times, Skyway has acted in good faith.

### FIRST AFFIRMATIVE DEFENSE

14. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

15. The creditors of First Natives are not the creditors of Husam Alibweh. The Trustee cannot collect or attempt to collect assets for the benefit of the creditors of Alibweh when, in fact, the creditors of First Natives are not being paid or receiving the benefit of such assets.

16. The Trustee failed to take control of and file a Bankruptcy case for First Natives.

### THIRD AFFIRMATIVE DEFENSE

17. The Trustee has failed to join and involve an indispensable third party, namely, First Natives of Our Land, Inc.

### FOURTH AFFIRMATIVE DEFENSE

18. The Trustee has failed to allege or assert that First Natives was insolvent within ninety (90) days of filing any of the debt of Husam Alibweh's Bankruptcy.

### SIXTH AFFIRMATIVE DEFENSE

19. The Trustee comes to Court with unclean hands and should not be denied any relief, since the Trustee failed to pursue his remedies in asserting control over First Natives.

WHEREFORE, the Defendant, Skyway Trading Company respectfully requests the Court to enter an Order dismissing this Complaint, and to award attorneys' fees, costs, and other expenses it has incurred in defending this Complaint; and for other and further relief nas this Court deems just and proper.

Respectfully submitted,

PUCCINI & MEAGLE, P.A.

By  */s/ Electronically Filed 07/21/06*
    Louis Puccini, Jr.
    PO Box 30707
    Albuquerque, NM  87190-0707
    Telephone:  (505) 255-0202
    Facsimile:  (505) 255-8726
    E-Mail:  pmlaw@puccinilaw.com

I hereby certify that I mailed a
true and correct copy of the foregoing
pleading, by U.S. Mail, first class,
postage prepaid, on this 21st day
of July, 2006 to the following:

Daniel J. Behles
Attorney for Trustee
226 Cynthia Loop NW Apt A
Albuquerque NM  87114-1100

Office of The United States Trustee
Post Office Box 608
Albuquerque, NM 87103-0608
Telephone: (505) 248-6549

PUCCINI & MEAGLE, P.A.

By_____/s/_____
         Daniel Puccini
         Legal Assistant

5